IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>     Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE; UNITED STATES FISH AND WILDLIFE SERVICE; LARRY CRIST, in his official capacity as Utah Field Supervisor, Ecological Services, United States Fish and Wildlife Service; SUSAN L. FRITZKE, in her official capacity as Superintendent of Capitol Reef National Park; and KATE HAMMOND, in her official capacity as Acting Regional Director, Intermountain Region, National Park Service,<br><br>     Defendants,<br><br>STATE OF UTAH,<br><br>     Intervenor-Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE**<br><br><br>Case No. 4:19-cv-00065-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

  This case involves challenges under the Administrative Procedures Act to Defendants' livestock grazing and trailing decisions and management at Capitol Reef National Park.[1] The State of Utah ("State") seeks to intervene in the case as a party defendant.[2] Plaintiff opposes the State's intervention.[3] Defendants take no position on the State's intervention.[4]

---

[1] First Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") ¶¶ 185-288 at 46-69, docket no. 18, filed Sept. 13, 2019.

[2] Proposed Intervenor-Defendant's Motion to Intervene and Memorandum in Support ("Motion to Intervene"), docket no. 35, filed Dec. 19, 2019.

[3] Plaintiff's Opposition to the State of Utah's Motion to Intervene ("Response"), docket no. 37, filed Jan. 9, 2020.

[4] Motion to Intervene at 2.

Because the State timely sought intervention and has protectable interests in the litigation that may be impaired, which are not adequately represented, the State's Motion to Intervene is GRANTED.

## DISCUSSION

In the Tenth Circuit, courts have "historically taken a 'liberal' approach to intervention and thus favor[] the granting of motions to intervene."[5] A non-party may intervene in a pending action as of right if: (1) the non-party timely seeks intervention; (2) the non-party asserts an interest relating to the property or transaction which is the subject of the case; (3) the non-party's interest may as a practical matter be impaired or impeded; and (4) the non-party's interest is not adequately represented by the existing parties.[6] Each of these elements favors the State's intervention in this case.

### The State timely sought intervention

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the [non-party] knew of [its] interest in the case, prejudice to the existing parties, prejudice to the [non-party], and the existence of any unusual circumstances."[7] "The analysis is contextual."[8] And "[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to [seek intervention] sooner."[9]

---

[5] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (internal quotations omitted).

[6] *Id*.; FED. R. CIV. P. 24(a).

[7] *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotations omitted).

[8] *Id*. (internal quotations omitted).

[9] *Id*. (internal quotations omitted).

The State filed its Motion to Intervene on December 19, 2019, approximately four months after Plaintiff initiated this case,[10] and just over one month after entry of the case's governing Scheduling Order.[11] This will cause no delay of consequence. The Motion to Intervene was approximately one month prior to the deadline for Defendants to file the administrative record;[12] four months prior to earliest deadline for Plaintiff to file its opening brief;[13] and more than five months prior to the earliest deadline for Defendants to file their answer brief.[14]

The case remains in its early procedural stages, and the State's intervention will not necessitate extension of the Scheduling Order's relevant deadlines. The existing parties are not likely to suffer any prejudice by the State's intervention. But if the State is not permitted to intervene, it will suffer prejudice because it will be unable to advocate for its interests in the litigation. Therefore, the State's Motion to Intervene is timely under the circumstances.

**The State has protectable interests in the litigation that may be impaired**

The interest element of intervention is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[15] "The [non-party's] claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before

---

[10] Complaint for Declaratory and Injunctive Relief, docket no. 2, filed Aug. 23, 2019.

[11] Scheduling Order in an Administrative Case Under DUCivR 7-4(a)(5) ("Scheduling Order"), docket no. 32, filed Nov. 13, 2019

[12] *Id*. ¶ 4.a. at 2.

[13] *Id*. ¶ 4.f. at 3.

[14] *Id*. ¶ 4.g. at 3.

[15] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (internal quotations omitted).

the district court."[16] "[T]he interest must be direct, substantial, and legally protectable."[17] And "[a] protectable interest is one that would be [impaired] by the disposition of the action."[18] This "presents a minimal burden" where the non-party "must show only that impairment of its substantial legal interest is possible if intervention is denied."[19] "[T]he question of impairment is not separate from the question of existence of an interest."[20]

The State asserts sovereign interests in the this litigation through the management of public lands, cultural activities, and resources within its borders.[21] Specifically, the State asserts an interest in three rights-of-way and State Highway 24, which are used, in part, for trailing livestock through and across Capitol Reef National Park. The State also asserts a codified interest in the effective management of livestock grazing on lands within its borders to preserve and protect the environment and the history, custom, culture, and productivity of the State's agricultural livestock industry.[22] The State further asserts a financial interest from livestock grazing and trailing on federal lands within Capitol Reef National Park, which provides direct and indirect contributions to the State and its local government's revenues.[23]

These asserted interests are substantial and directly related to the livestock grazing and trailing decisions and management at Capitol Reef National Park that Plaintiff challenges in this

---

[16] *Id*.

[17] *Utah Ass'n of Counties*, 255 F.3d at 1251 (internal quotations omitted).

[18] *W. Energy All.*, 877 F.3d at 1165 (internal quotations omitted).

[19] *WildEarth Guardians*, 604 F.3d at 1199 (internal quotations omitted).

[20] *Utah Ass'n of Counties*, 255 F.3d at 1253 (internal quotations omitted).

[21] Motion to Intervene at 6-9.

[22] *Id*. (citing UTAH CODE ANN. § 63J-8-105.8(1) (establishing Utah Grazing Agricultural Commodity Zones in Beaver, Emery, Garfield, Kane, Piute, Iron, Sanpete, San Juan, Sevier, Washington, and Wayne counties)).

[23] *Id*.

case.²⁴ Additionally, if Plaintiff obtained the relief it requests in its challenges,²⁵ Defendants would return to the administrative decision-making process. Such a result is sufficient to impair the State's interests for purposes of intervention:

> [T]he interest[s] of a prospective defendant-intervenor may be impaired where a decision in the plaintiff's favor would return the issue to the administrative decision-making process, notwithstanding the prospective intervenor's ability to participate in formulating any revised rule or plan. The mere availability of alternative forums is not sufficient to justify denial of a motion to intervene because at most, participating in a new proceeding would not provide the level of protection to the intervenor['s] interests that the current plan offers.²⁶

Therefore, the State has protectable interests in the litigation that may be impaired.

### The State's interests are not adequately represented by the existing parties

"Although [a non-party seeking] intervention as of right bears the burden of showing inadequate representation, that burden in the minimal one of showing that representation may be inadequate."²⁷ "The possibility that the interests of the [non-party] and the parties may diverge need not be great in order to satisfy this minimal burden."²⁸

In the Tenth Circuit, "a presumption of adequate representation arises when [a non-party seeking] intervention and an existing party have the same ultimate objective in the litigation."²⁹ However, Defendants in this case are federal agencies and officials,³⁰ who "must represent the public interest."³¹ "In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of

---

²⁴ Amended Complaint ¶¶ 185-288 at 46-69.

²⁵ *Id*. at 69-71.

²⁶ *WildEarth Guardians*, 604 F.3d at 1199 (internal quotations omitted); *see also W. Energy All.*, 877 F.3d at 1167.

²⁷ *Utah Ass'n of Counties*, 255 F.3d at 1254 (internal quotations omitted).

²⁸ *Id*. (internal quotations omitted).

²⁹ *Id*. at 1255.

³⁰ Amended Complaint ¶¶ 15-19 at 6-7.

³¹ *Utah Ass'n of Counties*, 255 F.3d at 1255 (internal quotations omitted).

the would-be intervenor."[32] And "it is not realistic to assume that the [federal government's] programs will remain static or unaffected by unanticipated policy shifts."[33] Therefore, the "presumption [is] rebutted by the fact that the public interest the government is obligated to represent may differ from the would-be intervenor's particular interest."[34]

While Defendants and the State have the same overarching objective in the litigation, *i.e.*, the dismissal of Plaintiff's claims, the public interests they represent are not the same. Defendants interests on a federal level may be broader than the State's more local public interests. And a possibility exists that these interests may diverge. Therefore, the State's interests are not adequately represented by the existing parties.

Consequently, because the State timely sought intervention and has protectable interests in the litigation that may be impaired, which are not adequately represented, the State's Motion to Intervene is GRANTED.

## ORDER

IT IS HEREBY ORDERED that the State's Motion to Intervene[35] is GRANTED. All relevant deadlines for Defendants in the governing Scheduling Order[36] shall apply to the State.

Signed February 7, 2020.

BY THE COURT

_____
Paul Kohler
United States Magistrate Judge

---

[32] *Id*. at 1256.

[33] *Id*.

[34] *Id*. at 1255.

[35] Docket no. 35, filed Dec. 19, 2019.

[36] Docket no. 32, filed Nov. 13, 2019.