JEAN E. WILLIAMS
Deputy Assistant Attorney General

JEFFREY N. CANDRIAN (Colo. 43839)
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
999 18th St. S. Terrace #370
Denver, CO 80202
Tel: (303) 844-1382
Fax: (303) 844-1350
Email: Jeffrey.Candrian@usdoj.gov

NICOLE M. SMITH (Cal. 303629)
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
150 M. Street, NE
Washington, D.C.
Tel: (202) 305-0368
Fax: (202) 305-0275
Email: Nicole.M.Smith@usdoj.gov

Attorneys for Federal Defendants

ANTHONY L. RAMPTON (2681)
KATHY A.F. DAVIS (4022)
K. TESS DAVIS (15831)
Assistant Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
J. SHEA OWENS (15699)
Special Assistant Attorney General
5110 State Office Building
Post Office Box 142477
Salt Lake City, UT 84114-2477
arampton@utah.gov
kathydavis@agutah.gov
Kaitlindavis@agutah.gov
Sowens@utah.gov
Telephone (801) 537-9801

Attorneys for Defendant-Intervenor

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>  Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE *et al.*,<br><br>  Defendants,<br><br>STATE OF UTAH,<br><br>  Defendant-Intervenor. | **Case No. 4:19-cv-00065-DN-PK**<br><br>**DEFENDANTS' JOINT MOTION TO STRIKE**<br><br>**Magistrate Judge Paul Kohler** |

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants and Defendant-Intervenor Utah (collectively "Defendants"), hereby move to strike Plaintiff's proffered Declaration of Laura Welp ("Welp Declaration"),[1] as an untimely and prejudicial amendment to Plaintiff's Amended Complaint and as improper extra-record evidence on which the Court may not rely. Defendants move the Court for an order striking the Welp Declaration because it was filed contemporaneously with Plaintiff's Reply Brief and without first seeking leave of the Court. This belated amendment to the pleadings, filed after the close of merits briefing, prejudices Defendants because it was filed well after the stipulated February 7, 2020 deadline for Plaintiff to amend its complaint,[2] contains argument directly responding to Defendants' Answer Briefs,[3] to which Defendants have no opportunity to respond, and circumvents the Court-ordered page limit for Plaintiff's Reply Brief.[4]

Moreover, testimony by Ms. Welp is extra-record evidence not directly before the U.S. Fish and Wildlife Service ("FWS") and the National Park Service ("NPS") when they made the decisions challenged by Plaintiff in this case. Because this declaration was not before the decision-makers, it is not contained in the administrative record and thus outside of the scope of judicial review for the challenged agency actions. The Welp Declaration provides extra-record and post-decisional opinion testimony which seeks to attack and undermine the agency decisions at issue in

---

[1] ECF No. 70.

[2] See, ECF No. 32.

[3] ECF Nos. 63, 66.

[4] ECF 68.

this case. This is improper under Administrative Procedure Act ("APA") record review principles.[5]

For the following reasons, the Court should strike the Welp Declaration from the judicial record.[6]

## ARGUMENT

**I.      Plaintiff's belated amendment to its pleadings through the Welp Declaration is untimely and prejudicial to Defendants.**

A court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," including declarations, affidavits, or supporting exhibits accompanying the complaint.[7] When, as here, a party circumvents the process for amending a complaint established by the Federal Rules of Civil Procedure, a court is acting within its discretion to strike the offending material.[8] The parties stipulated to February 7, 2020, as the last date by which Plaintiff could amend its complaint.[9] Yet, nearly six months after the stipulated deadline, and without first obtaining leave of Court as required by Federal Rule of Civil Procedure 15 and the Court's Scheduling order, Plaintiff filed the Welp Declaration to supplement its complaint.[10] Even more troubling is that Plaintiff waited until the close of briefing on the merits of this case, filing the

---

[5] Plaintiff had the opportunity to challenge the sufficiency of the administrative record before merits briefing was set to begin. See ECF No. 49, ¶ b. (Court's February 21, 2020 Amended Scheduling Order setting March 13, 2020, as the deadline for any challenges to the administrative record).

[6] Defendants conferred with Plaintiff before filing this motion.  Plaintiff opposes the motion and stated that it filed the Welp Declaration for "standing purposes."  However, in a February 4, 2020 pleading (ECF 42), Plaintiff advised the Court: "For standing purposes going forward, Plaintiff will rely on the Declaration of Jonathan Ratner filed with WWP's original complaint on August 23, 2019."  Plaintiff refiled the Ratner Declaration with its Second Amended Complaint. ECF No, 50-1. Moreover, Defendants did not challenge Plaintiff's standing in their Answer Briefs.

[7] Allen v. Figuera, 416 F. App'x 771, 775 (10th Cir. 2011); see, Karp v. Garrett, Civil Action No. 10-cv-02277-CMA-KMT, 2010 WL 5103034, at *1 (D. Colo. Dec. 7, 2010).

[8] Allen, 416 F. App'x at 775.

[9] ECF No. 32, ¶ 4(b).

[10] ECF No. 70. The first paragraph of the declaration states: "I submit this declaration in support of Plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief."

3

declaration concurrently with its Reply Brief and depriving Defendants of the opportunity to respond to Ms. Welp's allegations.

When seeking to add exhibits or declarations supporting an amended complaint, Plaintiff was required to request leave of the Court to do so.[11] It is Plaintiff's burden to explain clearly in a motion to amend why "a declaration he wishes to include with his complaint [is] necessary" in order for the court to determine if the proposed amendment is permissible.[12] Here, Plaintiff never even filed a motion seeking to amend its complaint, let alone established why the Welp Declaration is necessary. Indeed, "[f]iling an initial pleading, and then submitting numerous supplements, declarations, affidavits, exhibits, or other variously-named additions, none of which is a complete Amended Complaint, constitutes improper and abusive filing."[13] Accordingly, the Court may strike the improper filing.

Even if Plaintiff had requested leave of the Court to amend its complaint to include the Welp Declaration, it would have been proper for the Court to deny such a request. The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires.[14] Yet the right to amend a complaint is not unlimited and a court may deny leave to amend "on account of 'undue delay, bad faith or

---

[11] Karp, 2010 WL 5103034, at *1; ECF 32, ¶ 4(b) ("Deadline for Plaintiff to submit a motion to amend its complaint under Fed. R. Civ. P. 15(a)(2): 2/7/2020."). Plaintiff is well aware of the procedures necessary to amend its complaint and has demonstrated compliance with those procedures in the past. Plaintiff filed a motion to amend the complaint on February 7, 2020, in accordance with the stipulated deadline, and attached the proposed Second Amended Complaint to the motion. ECF No. 43. Defendants did not oppose the motion. Id. On the basis that there was no opposition to the motion to amend, the Court granted Plaintiff's motion to amend and ordered Plaintiff to file the Second Amended Complaint no later than February 28, 2020. ECF No. 48. Plaintiff filed its Second Amended Complaint on February 24, 2020. ECF No. 50.

[12] Karp, 2010 WL 5103034, at *1.

[13] Jones v. Biltoff, No. 14-3031-SAC, 2014 WL 1493125, at *1 (D. Kan. Apr. 16, 2014).

[14] Fed. R. Civ. P. 15(a).

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'"[15] As explained above, Plaintiff waited until the close of merits briefing to file the Welp Declaration. This constitutes undue delay and prejudices Defendants' ability to respond to or prepare defenses to the statements contained therein.

Untimeliness alone is a sufficient reason to deny a motion to amend.[16] This is especially true when a party offers "no adequate explanation for the delay."[17] Here, Plaintiff offered no explanation as to why it could not file the Welp Declaration when it first amended its complaint, or why Plaintiff waited until nearly six months after the stipulated deadline to amend the complaint had passed. In fact, Plaintiff offered nothing with the Welp Declaration, not even the requisite motion asking the Court to grant leave to amend.

In addition to Plaintiff's undue delay, the Court may strike the Welp Declaration because it prejudices Defendants. Courts typically find prejudice when an amendment to the complaint unfairly affects a defendant's ability to prepare a defense.[18] Prejudice most often occurs when "the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[19] But here it is precisely because the Welp

---

[15] Hasan v. AIG Prop. Cas. Co., 935 F.3d 1092, 1101–02 (10th Cir. 2019) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

[16] Allen, 416 F. App'x at 774.

[17] Cohen v. Longshore, 621 F.3d 1311, 1313 (10th Cir. 2010) (citation omitted).

[18] Minter v. Prime Equip. Co., 451 F.3d 1196, 1208 (10th Cir. 2006); see also, Cardella v. Moutnain Reservations, Inc., No. 2:07-CV-1003 BCW, 2009 WL 2436769, at *3 (D. Utah Aug. 4, 2009).

[19] Prime Equip. Co., 451 F.3d at 1208.

Declaration directly responds to Defendants' Answer brief and references the same factual issues that it is prejudicial.

Undue delay and prejudice are closely related.[20] Plaintiff waited until the close of merits briefing to file the Welp Declaration, depriving Defendants of an opportunity to respond to Ms. Welp's testimony. Even more prejudicial is that Ms. Welp's 19-page declaration responds directly to arguments presented in Defendants' and Utah's Answer Briefs, repeatedly attacking the correctness of the conclusions made by FWS and NPS.[21] Given the timing and the subject matter, the Welp Declaration impermissibly supplements the arguments presented in Plaintiff's Reply Brief and circumvents the Court-ordered word limit on Plaintiff's Reply Brief. The Court should preemptively deny Plaintiff's leave to add the Welp Declaration to its amended complaint and should strike the Welp Declaration from the judicial record.

II.     **The Court should strike the Welp Declaration as improper extra-record evidence.**

There is no dispute that the Court's review of Plaintiff's claims is governed by the APA.[22]  Judicial review under the APA is based upon the "full administrative record that was before [the agency] at the time [it] made [its] decision."[23] Thus, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."[24]

---

[20] Moutnain Reservations, Inc., 2009 WL 2436769, at *3.

[21] See, e.g. Welp Decl. ¶¶ 15, 18, 28-31, 39.

[22] 5 U.S.C. §§ 701–706.

[23] Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977).

[24] Camp v. Pitts, 411 U.S. 138, 142 (1973) (per curiam).

Where extra-record materials are improperly filed with a brief, as is the case with the Welp Declaration, the materials should be stricken.[25] This is consistent with the overriding premise running through a long line of APA cases – that agency action should be judged based on the record that was before the agency at the time it made its decision.[26] The Welp Declaration, dated July 20, 2020, is clearly post-decisional and thus well outside of the administrative record. Documents which are not a part of the administrative record and which are dated after the final agency action should not be considered under the record review rule.[27] Plaintiff is capable of and, indeed, required to present its claims without reference to or reliance on extra-record materials. The Welp Declaration is therefore barred.

For the reasons stated above, Defendants move the Court to strike the Welp Declaration from the judicial record.

Respectfully submitted this 5th day of August, 2020.

> JEAN E. WILLIAMS
> Deputy Assistant Attorney General
>
> /s/ *Nicole M. Smith*
> NICOLE M. SMITH (Cal. 303629)
> JEFFREY N. CANDRIAN (Colo. 43839)
> Trial Attorneys
> Environment and Natural Resources Division
> United States Department of Justice
>
> /s/ *J. Shea Owens*
> *(Signed by Filing Attorney with permission)*

---

[25] Wild Watershed v. Hurlocker, No. 18 CV 486 JAP/SCY, 2019 WL 2339790, at *2 (D.N.M. June 3, 2019) (striking extra-record documents filed after the court-ordered date to file any record motions).

[26] Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court.") (citation omitted).

[27] Am. Wildlands v. Kempthorne, 530 F.3d 991, 1002 (D.C. Cir. 2008) (letters written after agency issued reconsidered finding were not part of the administrative record).

J. SHEA OWENS (15699)
Special Assistant Attorney General
ANTHONY L. RAMPTON (2681)
KATHY A.F. DAVIS (4022)
K. TESS DAVIS (15831)
Assistant Attorneys General

Attorneys for Defendant-Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2020, I electronically filed the foregoing

**DEFENDANTS' JOINT MOTION TO STRIKE** with the Clerk of the Court using the

CM/ECF system which will send notification of this filing to all counsel of record.

/s/ *Nicole M. Smith*

NICOLE M. SMITH
U.S. Department of Justice